UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3-13-71408 JSC |
| Plaintiff, | ) |
| v. | ) **DETENTION ORDER** |
| ROBERT MATTHEW CREIGHTON, aka Oldtimer 123 | ) |
| Defendant. | ) |

This matter came before this Court as a Rule 5 proceeding. Robert Matthew Creighton ("Creighton") was arrested on or about November 13, 2013 in the Northern District of California resulting from a two-count indictment in the Central District of California charging him with advertising and distributing child pornography in violation of Title 18, United States Code, Sections 2251(d) and 2252A(a)(2), (b)(1), respectively. A bail review hearing was held in front of this Court on November 19, 2013.

For the reasons stated below and orally at the November 19 hearing, the Court orders that the defendant be detained until further notice and transferred to the Central District of California for further proceedings. The Court finds that defendant has failed to rebut the presumption that there is no condition or combination of conditions that will reasonably assure the safety of the community.

**REASONS FOR DECISION**

I.   APPLICABLE STANDARD OF REVIEW AND BURDEN OF PROOF

Section 3142(e) of Title 18 provides that:

(1) If, after a hearing pursuant to the provision of subsection (f) of Title 18, United States Code, Section 3142, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community,

such judicial officer shall order the detention of the person before trial.

(2)  Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial finds that there is probable cause to believe that he person committed --

(3) an offense involving a minor victim under section….2251, …2252(A)(a)(2).
18 U.S.C. Sec. 3142(e)(1) & (3)(E).

## II.    NO CONDITIONS OF RELEASE EXIST TO ENSURE PUBLIC SAFETY

Based on the evidence presented at the November 19 hearing, the Court finds that Creighton has failed to rebut the presumption that there is no condition or combination of conditions of release that will assure the public's safety.

The evidence proffered by the government shows that Creighton was the subject of a federal search warrant in 2009 that was executed at his mother's residence.  At that time, a large amount of child pornography was found.  Creighton admitted to trading in child pornography as well as admitting that he had improper sexual contact with his younger cousin, who it is believed was approximately 9 years old at the time.  Computers and computer equipment containing the contraband images were seized.  In 2010, a second federal search warrant was executed at the same residence after federal law enforcement learned that Creighton had opened a new account on a social media website that allowed the sharing of images and files and was trading child pornography.  The welcome message for his new account was something to the effect that he liked boys ages 5-13.  Upon execution of this second search warrant, federal agents found approximately 15,000 new images of child pornography in the residence.  Creighton again admitted to trading in child pornography.

Given this is a presumption case, and in light of the above proffered conduct, the Court finds that Creighton has failed to rebut the presumption that there are no conditions or a combination of conditions that will assure the public's safety. 18 U.S.C. Sec. 3142(e)(1) & (3)(E).  Creighton does not have any viable sureties.  And his proffered custodian, his mother, is inadequate given that the above conduct all occurred while Creighton was living with her at her residence.

III.     CONCLUSION

For the foregoing reasons, the Court finds that Creighton shall be detained until further notice and shall be transferred to the Central District of California for further proceedings.

IT IS SO ORDERED.

DATED: November 22, 2013

_____
HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge

DETENTION ORDER
3-13-71408 JSC                                              4